## AUGUST 16, 1983

GRIEVANCE ADMINISTRATOR v ATTORNEY DISCIPLINE BOARD. (Docket No. 71110.) Superintending control denied. *Louis Rosenzweig* for plaintiff-appellant. *Raymond A. MacDonald, in propria persona,* cross-complainant.

BOYLE, J., states: I would reverse the Attorney Discipline Board order of disqualification. The disqualification was based on a potential conflict of interest. In light of the original complainants' waiver of the attorney-client privilege, no actual conflict of interest existed. In the absence of any violation of the Code of Professional Responsibility, the provision of counsel to the complainants is an appropriate activity for the Attorney Grievance Commission and the Grievance Administrator.

GRIEVANCE ADMINISTRATOR v TEMROWSKI. (Docket No. 71075.) Leave to appeal denied. *Michael Alan Schwartz,* Grievance Administrator, and *Louis Rosenzweig,* Counsel, for petitioner-appellee. *C. Michael Kimber* and *LeeRoy H. Temrowski, in propria persona,* for respondent-appellant.

Reconsideration denied February 28, 1984.

KAVANAGH and LEVIN, JJ., would grant reconsideration.

## AUGUST 23, 1983

GRIEVANCE ADMINISTRATOR v WEIDEMAN. (Docket No. 69849.) Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, the case is remanded to the Attorney Discipline Board for entry of an order increasing the respondent's 119-day suspension to a 180-day suspension, with credit for 119 days of suspension already served. The Court is persuaded that the board abused its discretion and that the discipline imposed is clearly insufficient in light of the facts and circumstances of the case. *Michael Alan Schwartz,* Grievance Administrator, petitioner. *Donald Z. Ricard* for respondent.

KAVANAGH and LEVIN, JJ., would deny the request to increase the discipline imposed.

Reconsideration denied December 1, 1983.